# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA
## COMPLAINT UNDER CIVIL RIGHTS ACT 42 U.S.C. 1983

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 1 6 2012

JULIA C. BURLEY, CLERK
BY: _____
DEPUTY CLERK

| | |
|---|---|
| DEREK STANTON LAMAR<br>Offender # 1019871<br>Coffeewood Correctional Center<br>12352 Coffeewood Drive<br>Mitchells, Virginia, 22729<br>       **Plaintiff,**<br><br>v.<br><br>PAUL EBERT, Esq.<br>Commonwealth's Attorney for<br>Prince William County<br>Office of the Commonwealth's Attorney<br>9311 Lee Avenue<br>Manassas, VA 23219<br>       **Defendant.** | Action Number 7:12-CV-00385 |

### JURY TRIAL DEMANDED

### COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF

#### I. Introduction

1. This is a § 1983 action filed by the Plaintiff Derek LaMar, a state prisoner, alleging violation of his constitutional rights and seeking both declaratory and injunctive relief as well as money damages.

## II. Jurisdiction

2. Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1343(a)(3) in that this action seeks to redress the deprivation, under color of state law, of rights secured by Acts of Congress providing for equal rights of persons within the jurisdiction of the United States.

## III. Parties

3. Plaintiff Derek LaMar at all times relevant was confined by the Virginia Department of Corrections (VADOC). He was present at the following locations during the dates listed below:

   Powhatan Correctional Center -----February 1999 to June 1999

   Augusta Correctional Center--------------June 1999 to May 2002

   Sussex II Correctional Center------------May 2002 to May 2003

   Southampton Correctional Center --May 2003 to October 2008

   Dillwyn Correctional Center---------October 2008 to May 2009

   Coffeewood Correctional Center------------May 2009 to Present

4. Defendant Paul Ebert, Esq. at all relevant times was the Commonwealth Attorney for the Circuit Court for the County of Prince William, Virginia.

## IV. Factual Statement

5. On July 13, 1998, a jury convicted the Plaintiff of rape in violation of Virginia Code § 18.2-61.

6. The jury recommended a sentence of life in prison, and the court sentenced the Plaintiff to life in prison with all but twenty-three years suspended, along with eight years probation.

7. In 1999, the Plaintiff appealed his conviction. Although initially the appeal was granted in part and denied in part on September 10, 1999 (for reasons unrelated to the arguments the Plaintiff makes in his present complaint), the Virginia Court of Appeals affirmed the conviction on September 26, 2000.

8. In 2001, the Plaintiff, proceeding *pro se*, filed a motion for redress of scientific evidence pursuant to Virginia Code § 19.2-327.1.

9. The court denied the motion for a number of reasons, including failure to "assert categorically and with specificity the facts to support the items enumerated in Subsection A or the items enumerated in Subsection B of [Code § 19.2-327.1]. (Circuit Court Order of October 23, 2001)"

10. In 2003, the Plaintiff filed another Virginia Code §19.2-327.1 motion in the Circuit Court for the County of Prince William, Virginia.

11. The defendant requested testing of pubic hairs allegedly collected from the victim, testing of the sanitary napkins included in the Physical Evidence Recovery Kit, and testing of the Plaintiff's blood pursuant to a then recently-adopted testing procedure.

12. The Prince William County Circuit Court ruled that the motion "was not well founded in that [the defendant]" /Plaintiff "…failed to establish how analysis of the requested tested or untested evidence would be materially relevant, noncumulative and necessary to prove …actual innocence." (Circuit Court Order of June 2, 2003) Moreover, the Court found that the Plaintiff "failed to establish that the requested evidence was not previously subjected to testing [and] …failed to establish that he has not unreasonably delayed the filing of the petition."

13. The Plaintiff appealed the Court's order to the Virginia Supreme Court, which dismissed the petition for appeal for lack of jurisdiction on December 3, 2003.

14. Also in 2003, the Virginia Supreme Court refused a habeas appeal filed by the Plaintiff.

15. In 2004, the Plaintiff filed with the Virginia Supreme Court a writ of actual innocence in which the Plaintiff claimed actual innocence on the basis of biological evidence and scientific testing. That claim pertained to the same evidence at issue in the present complaint.

16. On April 28, 2004 the Virginia Supreme Court refused the Plaintiff's petition.

17. In 2008, the Plaintiff filed another motion under Virginia Code §19.2-327.1 in the Circuit Court for the Court of Prince William, Virginia. Once again the Plaintiff requested that certain hairs be subjected to DNA testing. The Court denied the motion, ruling that it was "duplicative" of the 2003 motion and failed to "set forth any appropriate reason to rehear." (Circuit Court Order of November 6, 2008)

18. On February 18, 2011, a hearing was conducted on a Motion for Post-Conviction DNA Testing and Request for Hearing that was filed by Plaintiff.

19. On March 3, 2011, the Prince William Circuit Court Denied the above mentioned motion and dismissed the case.

20. In Commonwealth's Motion to Dismiss the Defendant's Motion for Post-Conviction DNA Testing and Request for Rehearing, the Commonwealth alleges that the DNA evidence used to convict the Plaintiff had "already been tested and analyzed by the Commonwealth and the defendant."

21. On August 7, 2008, the Department of Forensic Science confirmed the fact that their files have "no documentation of outside testing."

22. The hairs recovered in the "PERK' following the incident that the Plaintiff has been convicted of, have yet to be tested by any means.

## V. Claims for Relief

### A. Deprivation of Right to Due Process

23. Defendant's refusal to allow Plaintiff access to have DNA biological evidence tested.

24. Defendant's denial of access to this evidence has deprived Plaintiff of his liberty interests in utilizing state procedures to obtain reversal of his conviction and/or to obtain a pardon or reduction of his sentence.

25. Virginia Code § 19.2-327.1 is an unconstitutional statute that was created to allow a convicted felon to have newly discovered or previously untested biological evidence tested, however, in subsection (G) of this statute prohibits Plaintiff from any sort of Habeas Corpus relief.

26. Plaintiff has requested 4 separate times in 4 separately filed petitions requesting post-conviction DNA testing of biological evidence that was previously tested under an antiquated testing procedure as well as evidence that has never been tested.

## VI. Relief Requested

**WHEREFORE**, Plaintiff requests that this Court grant the following relief:

A. Declare that Defendant Ebert violated Plaintiff's Fourteenth Amendment Right to Due Process of Law;

B. Declare that Virginia Code § 19.2-327 is in violation of the Fourteenth Amendments Right to Due Process of Law;

C. Issue an injunction requiring that the Defendant be responsible for testing the untested DNA biological evidence noted in this case;

D. Issue an injunction requiring that the Defendant be responsible for retesting, under the newest DNA testing procedure available, the previously tested biological evidence in question;

E. Award compensatory damages for Plaintiff's previously filed motions and petitions and all legal fee's associated with them regarding to the request for the testing of said DNA evidence;

F. Award punitive damages against the Defendant; and

G. Grant Plaintiff such other relief as it may appear Plaintiff is entitled to.

**WHEREFORE**, Plaintiff, Derek Stanton LaMar, respectfully prays that this Court grant the relief requested in this matter.

*[signature]*

Derek Stanton LaMar, *pro se*
Offender #1019871
Coffeewood Correctional Center
12352 Coffeewood Drive
Post Office Box 500
Mitchells, Virginia 22729

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA

COMPLAINT UNDER CIVIL RIGHTS ACT 42 U.S.C. 1983

| | |
|---|---|
| **DEREK STANTON LAMAR** )<br>**Offender # 1019871** )<br>Coffeewood Correctional Center )<br>12352 Coffeewood Drive )<br>Mitchells, Virginia, 22729 )<br>    **Plaintiff,** )<br>)<br>v. )<br>)<br>)<br>**PAUL EBERT, Esq.** )<br>**Commonwealth's Attorney for** )<br>**Prince William County** )<br>Office of the Commonwealth's Attorney )<br>9311 Lee Avenue )<br>Manassas, VA 23219 )<br>    **Defendant.** ) | Action Number 7:12-CV-00385 |

## Declaration

Pursuant to 28 U.S.C. 1746, I declare (or certify, verify, or state) under penalty of perjury that the foregoing complaint is true and correct to the best of my knowledge.

**State of Virginia:**
**County of Culpeper, to-wit:**

_____      _____
Notary Public                      Derek Stanton LaMar

8/13/2012                            8-15-12
DATE                              DATE

U.S. District Court
Western District of Virginia
John F. Corcoran
PO Box 1234
Roanoke, Virginia 24006

Dr. Derek S. LeMar Th.D. #1019871
C.W.C.C.
PO Box 500
Mitchells, VA 789

Legal Mail